Date signed January 05, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GARY L. AUKARD | : | Case No. 05-12940PM |
| BETTY J. AUKARD | : | Chapter 13 |
| | : | |
| Debtors | : | |

**MEMORANDUM OF DECISION**

Before the court is a Motion in Limine filed by Debtors seeking a ruling that the current market value of their residence is $120,000.00 as listed on Schedule A filed by them. Originally, the court set this matter for hearing on February 7, 2006, but the court believes it more efficient to decide this matter without a hearing as the underlying facts are not in dispute. Thus, the parties may address the forthcoming confirmation hearing more expeditiously.

This case was originally filed as a case under Chapter 7 on February 10, 2005. The Debtors scheduled the property as stated and also claimed exemptions totaling $11,000.00 in the property, to which no objections were filed. Therefore, the Debtors are entitled to claim an exemption of $11,000.00 in the subject property. Debtors then argue that this fixes the value of the house and, after converting the case to Chapter 13, that therefore, under § 1325(a)(4) of the Bankruptcy Code, they need only distribute under their Chapter13 Plan what they term the "unexempt" interest in the property. The court disagrees.

To begin, property of the estate subject to the Chapter 7 Trustee's administration consists of all of the equity in the subject property minus the exemption. Clearly, the Chapter 7 Trustee did not "buy" the valuation because one of her first actions was to employ a broker to sell the

subject property.  When that sale became imminent, Debtors, having knowingly undervalued this real estate, converted the case to a case under Chapter 13.  It is true that the time for filing objections to Debtors' exemptions has long passed in that a new 30-day period for filing objections to exemptions under Bankruptcy Rule 4003(b) does not follow for conversion.  *In re Smith*, 235 F.3d 472, 477 (CA9 2000), and *In re Bell*, 225 F.3d 203, 213 (CA2 2000).  In any event, it is settled that the evaluation is as of the effective date of the Plan, that is, the present dollar value on the confirmation date.  *See Rake v. Wade*, 508 U.S. 464, 469 (1993), and *In re Allen*, 240 B.R. 231, 237 (BC W.D. Va. 1999).

Thus, Debtors' valuation of their property on their Schedule A has no evidentiary effect other than perhaps as an admission that the property is worth not less than that amount.  Valuation of the property for the purposes of § 1325(a)(4) of the Bankruptcy Code requires competent evidence in the absence of consent, and the Debtors have the burden of proof as to all confirmation issues.  An appropriate order will be entered.

cc:
Gary/Betty Aukard, 2502 Newglen Avenue, Forestville, MD 20747
Andrew P. McGuire, Esq., Regan Associates, 1003 K Street, NW, Washington, DC 20001
Janet M. Nesse, Trustee, 1150 18th Street, N.W., Suite 800, Washington DC 20036
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**